# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS III, | Case No. SA CV 12-2218 DOC (JCG) |
| Petitioner, | **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| v. | |
| MRS. GIBSON, Warden, | [28 U.S.C. § 636; General Order 05-07] |
| Respondent. | |

## I.

## INTRODUCTION AND SUMMARY

On December 26, 2012, petitioner Relmon H. Davis III ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") challenging his 2008 state court conviction.  (Pet. at 2.)[1]  However, because Petitioner currently has a pending state habeas petition, which could result in the reversal of Petitioner's conviction or otherwise moot the federal question, the Petition must be dismissed without prejudice.[2]

---

[1]  The Court sequentially numbers the pages of the Petition, *i.e.*, pages 1-230.

[2]  This Court also dismissed without prejudice a prior petition filed by Petitioner on September 6, 2011 on the same grounds.  *See* Case No. SA CV 11-1350 DOC (JCG).

## II.

### STATE PROCEEDINGS

On October 29, 2008, Petitioner was convicted for assault with a deadly weapon and forcible oral copulation.  (Pet. at 2); *see also People v. Davis*, 2009 WL 4981277, at *1 (Cal. App. Dec. 23, 2009).  On December 23, 2009, the California Court of Appeal affirmed the conviction.  (*Id.* at 2-3.)  Petitioner then filed a Petition for Review in the California Supreme Court, which was denied on March 10, 2010.  (*Id.* at 3.)

Since 2010, Petitioner has filed several habeas petitions in the California courts, including six petitions in the California Supreme Court.  (Pet. at 3-6, 192-230.)  One of those petitions was filed on January 11, 2013, and remains pending.  *See* www.courts.ca.gov/supremecourt.htm, Case Information, Case No. S207975.[3]

## III.

### DISCUSSION

Before a state prisoner challenges his state conviction via a federal habeas petition, he must first exhaust his federal grounds for relief in state court.  28 U.S.C. § 2254(b); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*).  To satisfy this requirement, a petitioner must "fairly present" his federal claims to the state courts, "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan*, 513 U.S. at 365 (quotation marks and citation omitted).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal

---

[3]  The Court takes judicial notice of information on the California Appellate Courts' official website.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal civil proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

1    nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).

2           Consequently, when a federal habeas claim is still pending before a state court, a

3    federal habeas petitioner has not met the exhaustion requirement because he has not

4    given the state court the first opportunity to address the federal claim. *See Duncan*,

5    513 U.S. at 365.  Furthermore, "[i]f the prisoner's claim is meritorious, and if the state

6    remedy is prompt and complete, there is no need to bring post-conviction proceedings

7    in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (quotation

8    marks and citation omitted).

9           Thus, "[w]hen ... an appeal of a state criminal conviction is pending, a

10   would-be habeas corpus petitioner must await the outcome of his appeal before his

11   state remedies are exhausted, even where the issue to be challenged ... has been finally

12   settled in the state courts." *Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*,

13   333 F.2d 288, 288 (9th Cir. 1964) (state remedies not exhausted where a state post-

14   conviction proceeding is pending).  As the Ninth Circuit cogently explained, "even if

15   the federal constitutional question raised by the habeas corpus petitioner cannot be

16   resolved in a pending state appeal, that appeal may result in the reversal of the

17   petitioner's conviction on some other ground, *thereby mooting the federal question*."

18   *Sherwood*, 716 F.2d at 634 (emphasis added) (citing *Davidson v. Klinger*, 411 F.2d

19   746, 747 (9th Cir. 1969)).

20          Here, Petitioner is currently awaiting adjudication on his habeas petition to the

21   California Supreme Court.  *See* www.courts.ca.gov/supremecourt.htm, Case

22   Information, Case No. S207975.  Since Petitioner retains a pending state action which

23   may moot or otherwise affect his alleged constitutional claims before this Court, he

24   must await the outcome of that action before presenting his claims in federal court.

25   The State courts must be afforded the opportunity to remedy any alleged constitutional

26   violations in the first instance.  *Sherwood*, 716 F.2d at 634; *see, e.g.*, *Valenzuela v.

27   Busby*, 2011 WL 6780848, at *2-3 (C.D. Cal. Dec. 27, 2011); *Garcia v. Stainer*, 2011

28   WL 7095490, at *3 (C.D. Cal. Dec. 12, 2011), *report and recommendation adopted by*

1   2012 WL 234633 (C.D. Cal. Jan. 23, 2012); *Comminey v. Gonzalez*, 2011 WL

2   3323689, at *1-2 (C.D. Cal. July 29, 2011); *Lee v. Vaques*, 2010 WL 2330205, at *1-2

3   (C.D. Cal. June 7, 2010).

4       Petitioner is advised that this dismissal is *without prejudice*.  If Petitioner still

5   desires federal habeas relief following the California Supreme Court's adjudication of

6   his habeas petition, he may file a federal habeas petition with this Court.  Petitioner is

7   further advised that there is a one-year statute of limitations on habeas claims by a

8   petitioner in state custody, which ordinarily begins to run at the end of the period in

9   which that petitioner can seek direct review.  28 U.S.C. § 2244(d)(1); *see also Bowen*

10  *v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when

11  judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day

12  period within which [the petitioner] could have filed a petition for a writ of certiorari

13  from the United States Supreme Court").  The limitations period is tolled while a

14  "properly filed" application for state post-conviction or other collateral review with

15  respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the

16  limitations period is not tolled under section 2244(d) while a petition is pending in

17  federal court.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## IV.

## CERTIFICATE OF APPEALABILITY

20      Additionally, for the reasons stated above, the Court finds that Petitioner has not

21  shown that "jurists of reason would find it debatable whether":  (1) "the petition states

22  a valid claim of the denial of a constitutional right"; and (2) "the district court was

23  correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

24  Thus, it is recommended that a certificate of appealability be denied.

25  ///

26  ///

27  ///

28  ///

**V.**

**<u>ORDER</u>**

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: January 23, 2013

_David O. Carter_

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE